# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANGELO VERNON McCLEARY, )
)
          Plaintiff, )
)
v. )   No. CIV 20-032-RAW-SPS
)
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, DAVIS )
CORRECTIONAL FACILITY, )
and CORE CIVIC, INC., )
)
          Defendants. )

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his facility (Dkt. 1). The defendants are the Oklahoma Department of Corrections, Davis Correctional Facility, and CoreCivic, Inc.

Plaintiff alleges that from February 23, 2019, through December 23, 2019, and on January 22, 2020, he was subjected to racial and religious discrimination (Dkt. 1 at 5). He specifically asserts:

> They all worked in collusion, several different departments, entities and personnel to extort, embezzle, Threaten me with write-ups Etc. . . . to steal funds from my account to Quadruple charge me for Meds. & Appointments I didn't receive [sic].

*Id*. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which

2

the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).

Plaintiff has named the Oklahoma Department of Corrections (DOC) as a defendant in this case. This agency, however, is entitled to dismissal under the Eleventh Amendment, which bars suits in federal court against a state. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." An exception exists when the state waives Eleventh Amendment immunity or it is abrogated by Congress. Oklahoma, however, has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not

3

abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Because the DOC is a state agency, the Eleventh Amendment applies regardless of the relief sought. Therefore, Plaintiff should not name the DOC as a defendant in his amended complaint.

Plaintiff also has sued Davis Correctional Facility (DCF), which is the name assigned to a correctional center in Holdenville, Oklahoma. It is not itself a corporation or independent legal entity but an operation of CoreCivic, a publicly traded corporation headquartered in Nashville, Tennessee. *See* www.corecivic.com. Because DCF is a detention facility, not a "person" under 42 U.S.C. § 1983, it lacks the capacity to be sued. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"). Therefore, DCF is not a proper defendant in this lawsuit, and Plaintiff's amended complaint should not include DCF as a defendant.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing he is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a

4

plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 5th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma